## No. 16,457.

### WOLFF *v.* THE PEOPLE.
(230 P. [2d] 581)

Decided April 30, 1951. Rehearing denied June 25, 1951.

Mr. Isaac Mellman, for plaintiff in error.

Mr. John W. Metzger, Attorney General, Mr. Raymond B. Danks, Assistant, for the people.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

WE will hereinafter refer to plaintiff in error as defendant.

An information was filed in the district court of the City and County of Denver, in which defendant was charged in separate counts with having committed the crime of burglary with force, burglary without force, grand larceny, and receiving stolen property. The information also contained four habitual criminal counts in which it was alleged that the defendant was convicted of burglary in Denver on March 18, 1933; that he was convicted of burglary in Denver on June 9, 1933; that he was convicted of murder in the State of Missouri on March 7, 1936; and that he was convicted of burglary in Denver on April 18, 1942.

Defendant entered pleas of not guilty, and not guilty by reason of insanity. Prior to trial the latter plea was withdrawn and defendant stood trial solely upon his plea of not guilty. The jury returned verdicts finding the defendant guilty of burglary with force and guilty of larceny of property of the value of $911.00. Following the receipt of these verdicts the trial court, before the same jury, proceeded to trial on the habitual criminal counts. Prior to the presentation of evidence on these counts, the court permitted defendant's attorney to re-examine the jurors concerning their qualifications to serve. One juror, in response to questions, replied that she was suffering from an "upset stomach." The defense challenged this juror for cause, but the challenge was denied. Counsel for defendant then sought to exercise the peremptory challenges which had not been exhausted in the selection of the jury in the first instance, and thereby replace certain of the jurors who had served in the trial of the substantive offenses. This request was denied.

Following the presentation of evidence the jury found that defendant had been previously convicted as charged in the information. Motion for a new trial was filed, argued and denied, and the mandatory judgment of life

490

imprisonment, provided by statute, was imposed by the court.

Forty-one separate assignments of error are argued by counsel for defendant under twenty-one headings. We have carefully considered the argument made under each of these separate headings and conclude that much thereof is insufficiently persuasive to warrant detailed treatment in this opinion.

 Upon the trial of the substantive offenses contained in the first four counts of the information, the trial court admitted evidence tending to establish the fact that defendant had committed nine burglaries in the City and County of Denver within a period of about seven months prior to the date of the substantive offenses charged in said counts. This evidence was admitted over the objection of defendant's attorney, and the court then properly instructed the jury concerning the limited purpose for which such evidence was received. Again, while the evidence of these offenses was being presented, the trial court made a further statement as follows: "Ladies and gentlemen of the jury, the evidence of other offenses, as the court instructed you yesterday, is to be received merely to show motive, plan and design. The defendant is solely on trial for the burglary and larceny of the Beck home and is not on trial for any other similar offense, and the sole purpose of the introduction of that evidence is whether it shows motive, plan and design, and you should so receive it with great caution."

Instruction No. 20 given by the court correctly advised the jury that the evidence relating to other offenses was admitted "only as bearing upon the question of whether or not the defendant had a plan or design to produce a result of which the act charged in the information was a part, and you can consider such evidence for no other purpose."

Under the authority of *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439, and the numerous cases therein cited, it

is clear that no error was committed in the admission of the evidence relating to said similar offenses. The trial court was careful to instruct the jury concerning the limited purpose for which this evidence was admitted.

The trial court admitted in evidence, over objection of defendant's attorney, the oral statements made by defendant to police officers, in which he admitted the burglary charged in the information and in which he further confessed participation in numerous other burglaries committed in Denver. Defendant's counsel objected to the admission of these statements upon the ground that they were involuntary and were induced by statements and promises of police officers to release his wife from custody if he would confess his guilt. The trial court conducted a preliminary hearing out of the presence of the jury to determine whether or not this evidence should be admitted. At the conclusion of this hearing the court ruled the evidence admissible and thereafter submitted to the jury, under proper instruction, the question as to whether the statements were voluntarily made. The procedure followed by the trial court in this connection was in harmony with our pronouncement in *Downey v. People*, 121 Colo. 307, 215 P. (2d) 892, wherein we said: "Whenever there is evidence, not sufficient to require exclusion of the alleged confession, but sufficient to raise a question as to the weight to which it is entitled at the hands of the jury, the court must refer the question of the voluntarity of the confession to the jury under proper instructions."

It is contended by counsel for defendant that the trial court erred in ·denying the challenge for cause of the juror Carlton, who expressed a reluctance to serve as a juror in the determination of the habitual criminal count. Her reluctance stemmed from an upset stomach. However this juror stated that she could listen to the evidence conscientiously and return a fair verdict, and, assuming that a challenge of a juror for cause was proper at that stage in the proceedings, there was no error in

denying said challenge. Moreover, the juror having been examined on voir dire at the beginning of the trial, and having been accepted, she became a juror for all purposes and could not be challenged for cause at any point thereafter upon the ground that by reason of illness she was unable to continue. If a juror becomes ill in the course of a trial of a felony case and no extra juror has been sworn to provide for such contingency, there is no alternative but to discontinue the trial. The juror cannot be challenged for cause.

■ Error is assigned upon the refusal of the trial court to permit the exercise of peremptory challenges of jurors following the return of the verdicts finding the defendant guilty of burglary and larceny. It is contended that since seven peremptory challenges had not been used when the jury was first accepted, and since the trial court permitted extended re-examination of the members of the jury following the receipt of said verdicts, error was committed by the trial court in refusing to excuse jurors to whom challenges might be directed following said re-examination. The answer to the question thus raised involves a consideration of the pertinent statute and two cases heretofore decided by this court. The statute involved is chapter 114, Session Laws of Colorado, 1945, page 310. This statute makes mandatory the imposition of a life sentence upon a person who has been convicted for the fourth time of having committed a felony. Section 3 of the Act provides: "Whenever the fact of previous convictions of other offenses is included in an indictment or information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the defendant admits the previous convictions, find whether or not he or she has suffered such previous convictions."

The foregoing section was adopted by the legislature following our opinion in the case of *People v. Wolff*, 111 Colo. 46, 137 P. (2d) 693. In that case the defendant (who incidentally is one and the same person as the

defendant in the case at bar) was charged in one count of the crime of burglary, and in another count of the information it was charged that he had been previously convicted of two separate burglaries in the State of Colorado, and of the crime of murder in the State of Missouri. The cause was submitted to the jury on the substantive offense of burglary only; a verdict of guilty was returned, and the jury was discharged. Two months thereafter a separate jury was impaneled and the charge of the two former Colorado convictions was tried, the court having rejected tendered evidence of the conviction in the State of Missouri. The jury trying this habitual criminal count found that the convictions of the identical defendant had occurred as charged, and the trial court imposed the heavier penalty provided by the statute. We there held that each alleged previous conviction of felony should be charged in a separate count. We further held that the resort to two jury trials to determine the guilt upon the substantive offense and the separate question of previous convictions was error, and said:

"If at the time of trial the state has no knowledge of former convictions the procedure is clearly outlined by section 554 [chapter 48, '35 C.S.A.], supra. If the state has that knowledge and intends to take advantage of such conviction, it is in duty bound to make the charge and try the entire case as one. No possible reason can be conceived for a separation and none is indicated by statute. To proceed otherwise is clearly error, if prejudicial, reversible. *Smalley v. People,* 96 Colo. 361, 43 P. (2d) 385. Had the rule therein laid down been adhered to the error here complained of by the people would have been obviated."

\* \* \*

"Since under the circumstances the charge of former conviction could only be tried at the same time and to the same jury as the principal charge, when verdict was returned on the latter alone the court had no jurisdiction

to proceed on the former, but should have imposed sentence."

Thereafter the case of *Routa v. People,* 117 Colo. 564, 192 P. (2d) 436, was decided by our court, in which the procedure was laid down for the orderly conduct of the trial of one who is charged in one information by separate counts with having committed a substantive offense and with having theretofore been convicted of felonies. We there held that the guilt of the accused on the charge of the substantive crime should first be determined and "if there shall be conviction thereon, as here, the charge of defendant's previous convictions becomes immediately triable, and to the same jury, without being resworn, as the authorities say."

While the language just quoted from the Routa case appears in the dissenting opinion of Mr. Justice Hilliard, it was expressly approved by the majority opinion in the following language: "We approve of the procedure outlined in the dissent of Mr. Justice Hilliard with the modification that where defendant testifies in his own behalf, as here, or where evidence of former convictions is introduced in impeachment, the question of former convictions is thus opened for consideration and resolution, and the main charge may then be submitted and disposed of without separation."

■ If error was committed by the trial court in the proceedings which followed the receipt of the verdicts determining the guilt of defendant upon the substantive offenses charged against him, that error consisted in permitting re-examination of the jurors on voir dire concerning their qualifications to try the issues then remaining. The defendant could not be prejudiced, however, by reason thereof. As shown by the foregoing, we have heretofore held that the issues framed by the habitual criminal counts are to be tried by the same jury immediately following the determination of the substantive charge, and they shall forthwith proceed to try those issues "without being resworn." This definitely

precludes any change in the personnel of the jury. It necessarily follows that no error was committed in denying the peremptory challenges made by defendant's counsel after having once accepted the jury to try the issues involved in the case.

■ Exhibits "A" to "G" inclusive were identified as articles stolen from the premises named in the counts of the information in which were charged the substantive offenses of burglary and larceny. These articles were recovered by police, either in the apartment occupied by defendant and his wife, in the shop of defendant, or otherwise definitely proven to have been in his possession shortly after the burglary in question. The court did not err in admitting these exhibits in evidence.

■ Several assignments of error are based upon the fact that the trial court permitted certain amendments to be made to counts in the information charging previous convictions of felonies. The amendments were made long before the trial of the case and the defendant was not in any manner prejudiced by the changes permitted in the wording of said counts.

■ Objection was made by defendant's attorney to the admission in evidence of exhibits "Z", "AA", "BB", "CC", "DD", and "EE". These exhibits were identified by the witness Lamar, who said that they were a part of the prison records of the Missouri State Penitentiary, and that the said records were under his care, custody and control. He was not an employee of the said institution when the records were made and had no personal knowledge concerning the matters set forth therein. The exhibits consisted of certified copy of sentence and judgment of court in a case entitled "State of Missouri vs. Byron Wolff alias Jerry Wolff," a finger print card containing photographs and record of one Byron Wolff, and three sets of photographs taken at different times at the Missouri State Penitentiary. An objection was interposed to all of these exhibits but all were admitted in evidence. They were offered in sup-

port of the count which charged that defendant previously had been convicted of a felony in Missouri. It may well be that said exhibits were erroneously admitted in evidence, but even so, the error, if any, was without prejudice to defendant for the following reasons: Three separate and distinct previous felony convictions of the identical defendant were clearly established by competent evidence and separate verdicts to that effect were returned by the jury. These verdicts were in addition to the verdict by which the jury found that defendant also had been convicted of the offense in Missouri.

The issues raised by the habitual criminal counts concerned only the question of the identity of the person whose guilt had theretofore been determined. The evidence admitted by the court relating to the identity of one Byron Wolff who had been convicted in Missouri could not have any probative force whatever in determining the identity of one Byron Wolff who had been adjudged guilty of crime in Colorado. We are not here concerned with establishing guilt of a substantive offense where, conceivably, evidence of previous criminal activity might be prejudicial.

Since the judgment and sentence of life imprisonment would have been mandatory under the verdicts, which were amply supported by competent evidence, without reference to any determination upon the alleged Missouri conviction, defendant was not prejudiced by the action of the trial court in admitting the questioned evidence, and even though its admission might have been error, it does not warrant a reversal of the judgment.

Other assignments of error and the argument presented in support thereof, have been carefully examined and considered, but we think them insufficient to justify reversal.

The judgment is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE HILLIARD dissent.