## No. C-1333

## Joseph D. Vigil v. The People of the State of Colorado

(587 P.2d 1196)

Decided December 11, 1978.                    Rehearing denied January 8, 1979.

John A. Purvis, Acting State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Sharon S. Metcalf, Assistant, J. Stephen Phillips, Assistant, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We granted certiorari in *People v. Vigil,* 39 Colo. App. 371, 570 P.2d 13 (1977), to consider two questions. One, did the court of appeals err in affirming the trial court's limitation of the cross-examination of the prosecution's eyewitness? Two, did the court of appeals err in remanding the case for resentencing under the habitual criminal statute? We answer the first question in the negative and the second in the affirmative. Therefore, the judgment of the court of appeals is affirmed in part and reversed in part.

On November 14, 1973, petitioner, Joseph D. Vigil, was charged, along with Daniel Ortega, with first-degree criminal trespass. The following day the pair was charged with second-degree burglary. Both offenses allegedly arose out of the burglary of the home of one Phillip Medina on September 13, 1973. Petitioner was also charged, for habitual criminal purposes, with three counts of prior felony convictions which occurred in 1963, 1969 and 1971, respectively.

I.

At the trial, the prosecution called Nora Medina, an eyewitness to the alleged burglary. She testified that on September 13, 1973, she was baby-sitting in her son's home, which was one-half of a double. She lived in one

side and her son in the other. Mrs. Medina heard a noise and then saw two strange men exit a bedroom in the house. They apparently had gained entrance through a window. When asked to explain their presence, they told her they were looking for "Ray." As a ruse to get the men out of the house, Mrs. Medina told them that "Ray" lived next door. She attempted to get them to follow her out the front door, but when she walked out, the two men did not follow her. Returning to her own house, she called the police and then watched the two men leave by the back door, carrying her son's color television set and clock-radio. She protested, but the men ignored her. She followed and watched them until they entered a white stucco house, and then she returned to her house to wait for the police.

When the police arrived at the stucco house, they arrested four persons, including two men found behind a partition in the attic. The descriptions of the men found in the attic matched those of the intruders given to police by Mrs. Medina. The television set and the radio were not found. Mrs. Medina identified the men arrested by the police as the same men whom she had encountered in her son's home. At petitioner's separate trial, she again identified him as one of those men.

Mrs. Medina also testified on direct examination that her son's home had been burglarized one month earlier. Those burglars also had taken a color television set which her son subsequently replaced with the one taken in the instant theft.

On cross-examination, although she could not remember the exact date of the second burglary or the name of the police officer who investigated the event, Mrs. Medina revealed very minute details of what she had been doing at the time the two strange men entered her son's home on the occasion of the second burglary.

Defense counsel questioned her about the earlier crime and elicited information that Mrs. Medina had not been able to identify its perpetrators. The prosecution objected to the relevancy of this line of questioning. Defense counsel made an offer of proof in chambers to the effect that he wanted to establish the possibility of Mrs. Medina's having confused the two burglaries. The court sustained the objection, stating that the events of the first burglary were not going to aid the jury in deciding the case at issue.

The court of appeals affirmed petitioner's conviction. It remanded for resentencing, however, because the habitual criminal statute had been amended after petitioner's sentencing.

The first issue was properly decided by the court of appeals. It held:

"This issue is not properly before us since it was not raised by the motion for new trial. Crim. P. 33(a); *Cook v. People,* 129 Colo. 14, 266 P.2d 776 (1954), nor does it constitute plain error under Crim. P. 52(b)."

Appellate review is generally limited to those errors which are presented to the trial court for its consideration by a motion for new trial. Crim. P. 33(a). An exception to this broad general principle is found in Crim. P. 52(b). It permits an appellate court to consider an alleged error which was not brought to the attention of the trial court if the error affects the substantial rights of the defendant and it was "plain error." *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972), and cases cited therein.

■ Our review of the record does not indicate that plain error affected the substantial rights of the defendant. Within reasonable limits of discretion, the trial judge controls the scope and length of the cross-examination by counsel. Here the judge permitted some cross-examination, although not unlimited, in the area of inquiry now complained of. There was no plain error.

## II.

Petitioner was convicted of second-degree burglary on September 2, 1975. Following the trial on that charge, he entered into a plea agreement whereby he admitted his prior felony convictions in 1963 and 1969, and the district attorney dismissed the 1971 felony charge. Petitioner was sentenced to a term of 37 to 41 years, including time served, pursuant to the habitual criminal statute in effect at the time, section 16-13-101(1), C.R.S. 1973.

■ Vigil pleaded guilty to the 1963 charge on August 27, 1963, and the burglary was committed on September 13, 1973; the 1963 charge was outside the ten-year period contemplated by the new habitual criminal statute, section 16-13-101(1), C.R.S. 1973 (1976 Supp.). *See Swift v. People,* 174 Colo. 259, 488 P.2d 80 (1971). The court of appeals held correctly that the 1963 conviction should not be considered.

When it struck the 1963 conviction from consideration for habitual criminal sentencing purposes, the court of appeals properly held that Vigil could not be sentenced under section 16-13-101, C.R.S. 1973 (1976 Supp.), because there existed only one prior felony conviction. The court of appeals then erroneously held that it would be "appropriate," for purposes of habitual criminal sentencing, to allow the People to reinstate the charge based on the 1971 conviction.

■ Except when the defendant admits his previous conviction of a crime alleged in the habitual criminal count, the jury which determines his guilt on the substantive offense must forthwith determine that he was the person convicted of the alleged prior crime. Section 16-13-103, C.R.S. 1973; *Wolff v. People,* 123 Colo. 487, 230 P.2d 581 (1951). The jury which determined guilt of the substantive offense cannot, at this late date, be reconvened to consider the issue of identity as to the prior conviction. *Wolff, supra.*

■ Vigil never admitted his conviction of the 1971 offense, and the issue was not submitted to the jury which convicted him of the present

substantive offense. Thus, the 1971 conviction could not be considered by the trial court for purposes of enhancement of sentence under the habitual criminal statute.

If a plea bargain is not honored, the trial court must give the defendant an opportunity to affirm or withdraw his plea. Section 16-7-302(2), C.R.S. 1973 (1976 Supp.). This was not done here.

Petitioner points out that the statute under which he pleaded guilty in 1971 has been declared unconstitutional. He argues that a conviction under that statute cannot be used for habitual criminal purposes. Since we have already decided for reasons detailed above that the 1971 conviction cannot be used to enhance petitioner's sentence under the habitual criminal act, we do not reach this issue.

The judgment of conviction on the burglary charge is affirmed. The order to remand for resentencing pursuant to the new habitual criminal statute is reversed, and the cause is remanded for sentencing on the 1975 conviction.

MR. JUSTICE ERICKSON does not participate.