Thomas Eugene ROSS, Appellant,

v.

STATE of Indiana, Appellee.

No. 981S263.

Supreme Court of Indiana.

Dec. 9, 1982.

Malcolm G. Montgomery, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Thomas Eugene Ross, was charged with robbery and with being an habitual criminal. He was convicted of robbery, a class C felony; determined by reason of prior convictions to be an habitual offender; and received a sentence of thirty-five years. He contends on appeal that (1) the trial court erred in refusing to permit defense counsel to conduct voir dire examination of jurors immediately prior to the habitual criminal trial and that (2) the trial court erred in refusing to permit defense counsel to question his witness, Bert Miller, concerning sentencing matters.

Robert Littlepage, a resident of Kentucky, was in Evansville, Indiana on September 5, 1979, to see wrestling matches at the coliseum. While in town he met a girl who introduced him to her boyfriend. The three ended up their meandering in a park along the river where they were joined by a second man. While there Littlepage was thrown to the ground by the three and held there while one of the men pulled his wallet from his hip pocket. Littlepage was told to stay on the ground or he would be shot.

Littlepage immediately reported the incident to the police. The police returned to the park, where Littlepage pointed out appellant Ross as the person who had taken his wallet. Appellant Ross was arrested and the stolen wallet was found in his pocket.

I.

After the jury returned its verdict of guilty of robbery, and before commencement of the second phase of the trial, to be conducted upon the allegations that appellant was an habitual offender by reason of prior convictions, appellant moved the court for permission to conduct further voir dire examination of the jury. The motion was based upon Art. I, § 13, which provides in pertinent part that: "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury." According to movant the purpose of the requested examination was to probe the attitudes and opinions of the jurors concerning the habitual criminal charges and whether they could be fair and impartial. Judge O'Connor denied the motion.

The requirement of the law that the trial of criminal charges to which allegations of habitual criminality have been appended be conducted in two phases was first set down in *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830. The conceptual basis for the requirement is the right to a fair trial upon the principal charge. *Turpin v. State,* (1982) Ind., 435 N.E.2d 1. The statute, Ind. Code § 35–50–2–8, incorporates this procedure, and expressly grants the defendant the right to have the second or sentencing phase of the trial before the jury which has just convicted him. The basic premise of appellant's contention on appeal is that the impartiality requirement in Art. I, § 13 of the Indiana Constitution applies directly to sentencing hearings. To hold that it does, could have profound and far-reaching consequences. Cf. *Owens v. State ex rel. Van-Natta,* (1978) Ind.App., 382 N.E.2d 1312. The premise is largely assumed to be true in the briefs and has not been supported by reason or authority, and therefore we expressly render no definitive holding on the point. We do assume however that there is a general due process requirement that the trier of fact sitting to determine prior convictions be an impartial decision maker.

In resolving appellant's claim that he was entitled to conduct voir dire examination of the jury after the verdict of guilty on the principal charge, several relevant matters have been considered. Appellant was given a fair and reasonable opportunity to conduct examination of prospective jurors during the initial selection process. That ex-

amination provided an avenue for exploring potential areas of bias and prejudice against him and his cause. There is no claim at all that this process was unfairly restricted or that the jury was not impartial at the trial upon the principal charge. In *Wise v. State,* (1980) Ind., 400 N.E.2d 114, we pointed out that the jury does not determine the guilt or innocence of the defendant at the sentencing hearing, but finds facts which would enhance the sentence. *Ferguson v. State,* (1980) Ind., 405 N.E.2d 902. The fact of a prior conviction is ordinarily reflected in court records, and identity is based upon photographs and fingerprints. The potential for jury bias to translate itself into a verdict not based upon the evidence is not great. Finally, appellant has expressed special concern about the attitude of jurors toward the recidivist charge. Postulating that a juror upon examination would express agreement with the legislative judgments in the habitual offender statute, no bias or prejudice would be shown. On the basis of appellant's contentions we are unable to declare constitutional error in the trial court's denial of appellant's motion.

## II.

During the second phase of the trial at which the habitual offender issue was before the jury, defense counsel was denied the opportunity to elicit certain testimony from a witness who was a state parole officer. The witness was not allowed to give his opinion as to whether appellant was an habitual criminal, whether appellant could be rehabilitated, whether the habitual offender statute is intended for persons like appellant, and on the length of sentence. The premise of appellant's claim is that the jury function at the sentencing hearing is to determine whether the defendant is an habitual offender, in the sense that he has a propensity for behaving himself so as to violate the substantive criminal law, and as such deserves a greater sentence. The premise is false. The jury's function is to determine, based upon the evidence adduced, whether or not the defendant is an habitual offender as that term is defined,

that is, he has accumulated two prior unrelated felony convictions. *Owens v. State,* (1982) Ind., 427 N.E.2d 880. The testimony sought to be elicited from the parole officer was not relevant to the issues being tried, and therefore the court properly excluded it.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.