**The PEOPLE of the State of Colorado, ex rel. Dennis E. FAULK, District Attorney In and For the Eleventh Judicial District of Colorado, Petitioner,**

v.

**The DISTRICT COURT In and For the COUNTY OF FREMONT, and the Honorable John Anderson, One of the Judges Thereof, Respondent.**

No. 83SA386.

Supreme Court of Colorado,
En Banc.

Dec. 5, 1983.

Dennis E. Faulk, Dist. Atty., Steven B. Rich, Deputy Dist. Atty., Fairplay, for petitioner.

David F. Vela, Colorado State Public Defender, Philip L. Dubois, Deputy State Public Defender, Salida, for Jack Clark.

John Anderson, pro se.

ROVIRA, Justice.

The respondent court held section 16–13–103, C.R.S.1973 (1982 Supp.), a part of the Colorado habitual-criminal statute, unconstitutional and dismissed four habitual-criminal counts against the defendant, Jack Clark. The People brought this original

proceeding under C.A.R. 21, requesting that we issue a rule to show cause why the respondent court should not be ordered to reinstate the habitual-criminal counts. We issued the rule and now make it absolute.

### I.

Jack Clark was charged with two counts of first-degree kidnapping,[1] two counts of holding hostages,[2] one count of attempted escape,[3] and four counts of being an habitual criminal.[4] The charges arose out of an incident in which the defendant overpowered two guards and attempted to escape from prison in Canon City.

Before trial, Clark moved to dismiss the habitual-criminal counts on the basis that section 16–13–103, C.R.S.1973 (1982 Supp.), is unconstitutional. This statute outlines the bifurcated system for determining habitual criminality in Colorado. Subsection (1) states:

"**16–13–103. Verdict of jury.** (1) If the allegation of previous convictions of other felony offenses is included in an indictment or information and if a verdict of guilty of the substantive offense with which the defendant is charged is returned, the court shall conduct a separate sentencing hearing to determine whether or not the defendant has suffered such previous felony convictions. As soon as practicable, *the hearing shall be conducted by the trial court before the jury impaneled to try the substantive offense charged;* except that, if trial by jury was waived or if the defendant pleaded guilty, the hearing shall be conducted before the trial court. . . ."

(Emphasis added.)[5]

Clark argued that section 16–13–103 violates his constitutional right to a fair and impartial jury by requiring that the separate sentencing hearing be conducted before the same jury which sits for his trial on the substantive offenses. He claimed that, under the statute, his right to an impartial jury "is impermissibly diluted by the *de facto* denial of the opportunity to *voir dire* prospective jurors on matters relative to the Habitual Criminal proceedings." In effect, the same-jury requirement allegedly forces a defendant in Clark's position to choose between an impartial jury for the substantive phase of the trial and an impartial jury for the habitual-criminal phase of the trial.

At a hearing on Clark's motion to dismiss, the respondent court agreed that section 16–13–103 is unconstitutional. The same-jury requirement, it concluded, "puts the defendant in a dilemma that he cannot solve. It is not a dilemma of his own making. It's simply a twist of this . . . state's habitual criminal laws that provides for . . . two jury trials by the same jury." In the court's view, section 16–13–103 deprived Clark of the ability to select a fair and impartial jury for the habitual-criminal

---

1. Section 18–3–301, C.R.S.1973 (1978 Repl.Vol. 8).

2. Section 18–8–207, C.R.S.1973 (1978 Repl.Vol. 8).

3. Section 18–8–208.1, C.R.S.1973 (1978 Repl. Vol. 8 and 1982 Supp.).

4. Section 16–13–101(2), C.R.S.1973 (1982 Supp.). This statute provides that

    "[e]very person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony . . . shall be adjudged an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life."

5. If the defendant denies the prior convictions upon arraignment and then chooses not to testify during the substantive phase of the trial, the same jury which convicts the defendant of the substantive offense "shall proceed to try the issues of whether the defendant has been previously convicted." Section 16–13–103(4). If the defendant elects to testify but denies the prior convictions, the prosecution "may present all evidence relevant to the issues of previous convictions for the sole purpose of impeachment of the defendant's credibility." Section 16–13–103(5)(a). If the defendant elects to testify, but then admits the prior convictions, the court shall instruct the jury at the sentencing hearing to consider the admissions "only as they affect [the defendant's] credibility." Section 16–13–103(5)(b).

sentencing hearing.[6] It therefore declared the statute to be unconstitutional both on its face and as applied to Clark and dismissed the four habitual-criminal counts.

## II.

### A.

█ The due process clauses of the United States and Colorado Constitutions guarantee every criminal defendant the right to a trial by an impartial jury. *U.S. Const.* amends. VI, XIV; *Colo. Const.* art. II, §§ 16, 25. We have indicated on numerous occasions that an impartial jury is fundamental to a defendant's constitutional right to receive a fair trial. *People v. Loscutoff,* 661 P.2d 274 (Colo.1983); *People v. Gurule,* 628 P.2d 99 (Colo.1981); *Brisbin v. Schauer,* 176 Colo. 550, 492 P.2d 835 (1971). In *Oaks v. People,* 150 Colo. 64, 68–69, 371 P.2d 443, 447 (1962), we explained that

"[t]his right to a fair and impartial jury 'is all-inclusive; it embraces every class and type of person. Those for whom we have contempt ... are equally entitled to its benefit. It will be a sad day for our system of government if the time should come when any person, whoever he may be, is deprived of this fundamental safeguard.'"

*See also Groppi v. Wisconsin,* 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571 (1971) (the right to a fair and impartial jury is a constitutional right which can never be abrogated).

The question in this case is whether, due to the same-jury requirement in section 16–13–103, the defendant can have an impartial jury during the habitual-criminal sentencing hearing. This issue should be distinguished from the more basic question of whether the defendant is entitled to a jury trial at all. Even though the habitual-criminal statute describes a status rather than a substantive offense, *see Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975), it expressly provides for a jury trial to determine if that status is applicable. We recognize that, under the statute, the same jury which returns a guilty verdict on the underlying offense must then decide whether the defendant committed the necessary prior crimes to be adjudged an habitual criminal. *Vigil v. People,* 196 Colo. 522, 587 P.2d 1196 (1978); *see Wolff v. People,* 123 Colo. 487, 230 P.2d 581 (1951); *Routa v. People,* 117 Colo. 564, 192 P.2d 436 (1948); *People v. Trujillo,* 40 Colo.App. 220, 577 P.2d 297 (1977).[7] If the prosecution proves that the defendant has the necessary prior felony convictions, the sentence for the underlying offense will be enhanced under the provisions of section 16–13–101, C.R.S.1973 (1982 Supp.).[8]

█ Despite the fact that constitutional safeguards are built into the bifurcated system, the respondent court nevertheless held section 16–13–103 to be unconstitutional. It concluded that the defendant's right to an impartial jury during the habitual-criminal sentencing hearing was violated by the

---

6. In its brief to this court, the respondent court explained the reasoning behind its decision:
   "It is *impossible* to use effective and meaningful *voir dire* examination of the jury panel to select jurors who will be fair and impartial at the statutorily mandated separate sentencing hearing without thereby clearly disclosing to the prospective jurors the fact of defendant's past criminality. This creates an intolerable tension between a defendant's rights under the Colorado Constitution to remain silent at his trial, to be tried on the substantive offense without evidence being introduced as to his past criminality, and to have a fair and impartial jury."
   (Emphasis in original.)

7. Our decision in *People v. Chavez,* 621 P.2d 1362, 1366 n. 6 (Colo.1981), *see infra* text ac-

companying notes 10–11, overruled *Wolff, Routa,* and *Trujillo* to the extent those cases allowed the trial court, if the defendant testifies at the substantive phase and admits the prior convictions, to submit the habitual-criminal counts to the jury together with the substantive counts. It did not address the same-jury requirement.

8. *See supra* note 4. With its mandatory life sentence for three prior felony convictions, section 16–13–101(2) is known as the "big" habitual-criminal statute. Section 16–13–101(1), on the other hand, carries a twenty-five to fifty year sentence for two prior felony convictions and is known as the "little" habitual-criminal statute.

*de facto* inability of defense counsel, before the beginning of the substantive trial, to *voir dire* prospective jurors about the habitual-criminal charges. We have considered the respondent court's interpretation of section 16–13–103 but are not persuaded that the statute in question is constitutionally defective.

Some time ago, in *Brown v. People,* 124 Colo. 412, 238 P.2d 847 (1951), we upheld the "well-established" procedures contained in section 16–13–103's predecessor.[9] Three defendants were tried jointly and convicted of the necessary substantive offense. The trial court then conducted separate hearings before the same jury to determine habitual criminality. On appeal, the defendants argued that, despite the separation, they were prejudiced by the use of the same jury during the habitual-criminal phase of the trial. We stated:

"[T]he point of the whole objection comes down to the one question: Did reversible error result from determination of identity on the habitual criminal counts as to all three defendants *before the same jury* . . .? The answer is in the negative. To hold otherwise would be but to belittle the whole jury system and unfairly minimize not only the intelligence, but likewise the integrity of regularly selected and duly sworn jurors. Jurors, as the triers of facts, are as much a part of the court as is the judge, and there is no more reason to hold a jury disqualified to fully determine the several issues of a case, when separately presented to it under proper instructions, than to disqualify the judge from presiding throughout the entire proceeding.

"Furthermore, it must be borne in mind that proceedings before the jury on the habitual criminal counts are not in determination of whether defendant is or is not guilty of the crime, but go only to

issues pertaining to identity of the defendant as being the individual named in such count as one who was previously convicted of a felony."

*Id.* at 417, 238 P.2d at 849–50 (emphasis added). *See also Swift v. People,* 171 Colo. 178, 465 P.2d 391 (1970) (at habitual-criminal phase, jury's only function is to determine how many prior felonies the defendant has committed).

In addition, we rejected the argument that a defendant should be permitted, before the habitual-criminal phase of the trial, to *voir dire* the already-impanelled jury once again. The defendant in this case suggests further *voir dire* examination and the use of peremptory challenges as an alternative to the respondent court's ruling. The respondent court, however, concedes that further *voir dire* of the same jury is not permitted, and we agree. *See Brown,* 124 Colo. 412, 238 P.2d 847 (1951); *Wolff,* 123 Colo. 487, 230 P.2d 581 (1951). Since the same-jury requirement in section 16–13–103 is, in our view, constitutional, we see no reason to disturb the corollary principle on *voir dire* recognized in *Brown* and *Wolff.*

The bifurcated system in section 16–13–103, which incorporated the same-jury requirement discussed above, was not instituted until after our decision in *People v. Chavez,* 621 P.2d 1362 (Colo.1981). In *Chavez,* we held that, even if a defendant testifies during the substantive phase of the trial, and evidence is introduced concerning prior convictions, the prosecution must still prove those convictions beyond a reasonable doubt in order to convict the defendant of being an habitual criminal. We noted that it was "not inappropriate" for the trial court in *Chavez* to bifurcate the two phases of the trial, even though bifurcation was not mandatory at the time.[10] While the

9. Ch. 48, section 555(3), C.S.A.1935 (1951 Supp.), provided:

"Whenever the fact of previous convictions of other offenses is included in an indictment or information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the defendant admits the previous convictions, find whether

or not he has suffered such previous convictions."

10. Bifurcation, we concluded, avoids prejudice to the defendant and in the initial determination of guilt by keeping from the jury the defendant's propensity to commit crimes. *Chavez,* 621 P.2d at 1364 n. 3. *See People v.*

primary focus was not on the use of the same jury to determine habitual criminality, neither the majority opinion, which acknowledged the benefits of bifurcation, nor the special concurrence, which argued that "fundamental fairness requires ... strict bifurcation," *id.* at 1370, expressed disapproval of the same-jury requirement at issue here. Following *Chavez*, the legislature amended the habitual-criminal statute to require bifurcated proceedings and separate jury verdicts.[11] Nevertheless, our implicit approval of the same-jury requirement in *Chavez* is further indication that the respondent court was incorrect in striking down section 16–13–103 in this case.

### B.

The bifurcated procedures adopted in other jurisdictions,[12] as well as court decisions evaluating those procedures, support our conclusion that section 16–13–103 is constitutional. The most persuasive authority comes from the Indiana Supreme Court, which has confronted the issues in this case directly. In several recent decisions, it has rejected arguments that the use of the same jury at the habitual-criminal sentencing hearing deprives the defendant of an impartial jury. As long as the trial court complies in all respects with the bifurcated trial requirements, and the jury hears direct evidence of the defendant's prior convictions, the Indiana court has consistently upheld convictions obtained under that state's habitual-criminal statute. At both phases of the trial, the jury remains bound to adjudicate the defendant solely on the basis of the evidence introduced by the prosecution. *Dorton v. State,* 419 N.E.2d

1289 (Ind.1981); *Ferguson v. State,* 405 N.E.2d 902 (Ind.1980); *Wise v. State,* 272 Ind. 498, 400 N.E.2d 114 (1980); *Jameison v. State,* 268 Ind. 599, 377 N.E.2d 404 (1978).

In *Ross v. State,* 442 N.E.2d 981 (Ind. 1982), the defendant specifically asked to conduct further *voir dire* examination of the jury before the habitual-criminal phase of the trial. The purpose was "to probe the attitudes and opinions of the jurors concerning the habitual criminal charges and whether they could be fair and impartial." *Id.* at 982. The trial court denied the motion, and the Indiana Supreme Court affirmed, stating:

"[The defendant] was given a fair and reasonable opportunity to conduct examination of prospective jurors during the initial selection process. That examination provided an avenue for exploring potential areas of bias and prejudice against him and his cause. There is no claim at all that this process was unfairly restricted or that the jury was not impartial at the trial upon the principal charge. In [prior decisions], we pointed out that the jury does not determine the guilt or innocence of the defendant at the sentencing hearing, but finds facts which would enhance the sentence .... The fact of a prior conviction is ordinarily reflected in court records, and identification is based upon photographs and fingerprints. The potential for jury bias to translate itself into a verdict not based upon the evidence is not great."

*Id.* at 983. We agree with this conclusion. Given the nature of what must be proved in order to convict a defendant of habitual

---

Lucero, 200 Colo. 335, 615 P.2d 660 (1980); *People v. Fullerton,* 186 Colo. 97, 525 P.2d 1166 (1974).

**11.** *See* An Act Concerning the Prosecution of Persons Alleged to be Habitual Criminals, Colo. Sess.Laws 1981, ch. 202, 16–13–103 at 952–53 (codified at section 16–13–103, C.R.S.1973 (1982 Supp.)); *People v. Mason,* 643 P.2d 745 (Colo.1982). It was the amended statute that the respondent court struck down in this case.

**12.** *See, e.g.,* Idaho Code § 19–2514 (1979 Repl. Vol. 4); *Ind.Code Ann.* § 35–50–2–8 (Burns

1979 Repl.Vol.); *Ky.Rev.Stat.Ann.* § 532.080 (Bobbs-Merrill 1982 Supp.); *Me.Rev.Stat.Ann.* tit. 15, § 757 (1982–1983 Supp.); *Mass.Gen. Laws Ann.* ch. 278, § 11 (West 1981); *N.C.Gen. Stat.Ann.* § 14–7.5 (1981 Repl.Vol. 1B); *Okla. Stat.Ann.* tit. 22, § 860 (West 1982–1983 Supp.); *S.D.Codified Laws Ann.* § 22–7–12 (1979 Revision); *Tenn.Code Ann.* § 39–1–803 (1982 Repl.Vol. 7); *Utah Code Ann.* § 76–8–1002 (1978 Repl.Vol. 8B); *Vt.Stat.Ann.* tit. 13, § 11 (1974); Wyo.Sess.Laws 1982, ch. 75, 6–10–203(b) at 580.

criminality, we are satisfied that the use of the same jury will not result in a guilty verdict based primarily on bias or prejudice. *See also State v. Wiggins,* 96 Idaho 766, 536 P.2d 1116 (1975) (the same jury which returns a guilty verdict on the substantive offense shall determine whether the defendant is a "persistent violator"); *Brown v. Commonwealth,* 551 S.W.2d 557 (Ky.1977) (the use of the same jury does not infringe upon the defendant's right to testify in his own behalf during the substantive phase of the trial); *State v. Sapiel,* 432 A.2d 1262 (Me.1981) (the use of the same jury for both the substantive and habitual-criminal phases of the trial "did not deprive the Defendant of his right to a fair trial"); *State v. Angelucci,* 137 Vt. 272, 405 A.2d 33 (1979) (the use of the same jury did not prejudice the defendant).

### C.

We are satisfied that the defendant in this case will have a fair and impartial jury at the substantive phase and, if necessary, at the habitual-criminal phase of his trial. Although the United States Supreme Court has not addressed the propriety of using the same jury at both phases of a bifurcated, habitual-criminal trial, it has held that the habitual-criminal counts can be read to the jury along with the substantive counts before the beginning of the trial. The jury must be informed, however, that it cannot consider the habitual-criminal counts when it decides if the defendant committed the underlying offense. *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). By comparison, the same-jury requirement in section 16–13–103 provides even more protection in terms of impartiality than the procedure upheld in *Spencer.* We therefore conclude that section 16–13–103 is constitutional.

The rule to show cause is made absolute, and this case is remanded to the respondent court for further proceedings consistent with this opinion.