James CORNELIUS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 883S302.

Supreme Court of Indiana.

Sept. 11, 1984.

Daniel L. Weber, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James Cornelius, was convicted of attempted robbery, a Class B felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.), Ind.Code § 35–41–5–1 (Burns 1979 Repl.), battery, a Class C felony, Ind.Code § 35–42–2–1 (Burns 1984 Supp.), and of being a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). The court vacated the conviction for battery and sentenced defendant to the Indiana Department of Correction for a term of imprisonment of forty-two years.

Defendant now contends that the court erred in denying his motion for a separate jury to decide the habitual offender count because he was thus denied his constitutional right to an impartial jury and to due process of law. He specifically argues that since the same jury heard both the underlying felony counts and the habitual offender count he was denied the opportunity to meaningfully question the jury on voir dire with regard to the issues involved in the habitual offender count. He states that it would not be practical to voir dire the jury about habitual offender matters during the regular voir dire prior to the trial on the underlying felonies because the prospective jurors would then know that he had been convicted of felonies on prior occasions. In this case, defendant moved for a separate jury for the habitual offender phase of the proceedings prior to the jury selection for the underlying felony counts and the court took the motion under advisement. Following the jury's verdict of guilty on both the attempted robbery and battery counts, but before the start of the habitual offender proceedings, the court denied this motion.

This Court has consistently held that the bifurcated trial procedure under the habitual offender statute does not violate an accused's right to be tried by a fair and impartial jury because the jury is not asked to find the accused guilty of another charge, but merely to find facts which would enhance his sentence. *Ross v. State*, (1982) Ind., 442 N.E.2d 981; *Whitlock v. State*, (1981) Ind., 426 N.E.2d 1292; *Ferguson v. State*, (1980) 273 Ind. 468, 405 N.E.2d 902; *Wise v. State*, (1980) 272 Ind. 498, 400 N.E.2d 114. We examined a claim similar to defendant's instant claim in *Ross* where we found no error in the trial court's denial of the defendant's motion to conduct a further voir dire examination of the jury immediately preceding the habitual offender phase of the trial.

In that case, we explained that the conceptual basis for the requirement of the bifurcated procedure is the right to a fair trial upon the principal charge and that the possibility of a prejudiced jury harming a defendant is not as great during the sentencing phase. "The fact of a prior conviction is ordinarily reflected in court records, and identity is based upon photographs and fingerprints. The potential for jury bias to translate itself into a verdict not based upon the evidence is not great." *Ross v. State*, 442 N.E.2d at 983.

■ Here, defendant was given a fair and reasonable opportunity to conduct an examination of prospective jurors during the initial selection process. He had a sufficient opportunity at that time for exploring potential areas of bias and prejudice against him and his cause. We find that he

was not denied his right to a fair and impartial decision maker during either phase of his trial.

Defendant also argues he should have been permitted to have a separate jury for the habitual offender phase of his trial because the jury that convicted him on the two underlying felonies would be aware of all the facts surrounding those crimes and would therefore be prejudiced against him. We find no merit to this contention for as we discussed above the possibility of a prejudiced jury having an adverse effect on a defendant is not very great during the habitual offender phase of a trial. We have previously decided this issue contrary to defendant's position and there are no new arguments presented here. *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289; *Jameison v. State*, (1978) 268 Ind. 599, 377 N.E.2d 404.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.