The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

**Mark Norman JOHNSON,**
**Defendant–Appellant.**

No. 91CA2028.

Colorado Court of Appeals,
Div. II.

Oct. 7, 1993.

Rehearing Denied Nov. 12, 1993.

Certiorari Denied April 4, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, CO State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Mark Norman Johnson, appeals the judgment of conviction entered upon a jury verdict finding him guilty of third degree sexual assault. We affirm.

Defendant contends that the trial court's failure to instruct the jury on gender bias pursuant to § 18–3–408, C.R.S. (1993 Cum. Supp.) requires reversal. He maintains that the gender bias instruction is mandatory, that failure to so instruct deprived him of a fair and impartial jury, and that this error affected the framework within which the trial proceeded. We are not persuaded.

Before its amendment, § 18–3–408, C.R.S. (1986 Repl.Vol. 6B) provided: "[T]he jury shall not be instructed to examine with caution the testimony of the victim solely because of the nature of the charge, nor shall the jury be instructed that such a charge is easy to make but difficult to defend against, nor shall any similar instruction be given." The amendment added the following proviso: "However, the jury shall be instructed not to allow gender bias or any kind of prejudice based upon gender to influence the decision of the jury."

■ Here, the defendant did not tender an instruction patterned after the requirements of the statute, nor did he otherwise call those requirements to the attention of the trial court. Contrary to defendant's argument, because the error did not affect the "framework" within which the trial proceeded, it was not a "structural defect" requiring reversal. *See Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Luu v. People*, 841 P.2d 271 (Colo.1992).

Hence, even though the instruction was required by statute, the plain error standard must be applied on review. *See* Crim.P. 52(b); *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1978).

■ The standard for plain error is whether an appellate court, after reviewing the entire record, can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987).

■ Gender bias was never raised during trial. The jury was instructed that neither sympathy nor prejudice should influence its decision. Although the victim's credibility was challenged, the jury was given the standard witness credibility instruction. Absent a showing to the contrary, it is presumed that the jury understood and heeded these instructions. *People v. Moody*, 676 P.2d 691 (Colo.1984).

Under these circumstances, we are satisfied that there was no plain error in not instructing the jury on gender bias.

Judgment affirmed.

METZGER and REED, JJ., concur.