Richard A. SMITH, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 93SC148.

Supreme Court of Colorado,
En Banc.

April 18, 1994.

As Modified on Denial of Rehearing
May 16, 1994.

David F. Vela, Colorado, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for petitioner.

Robert S. Grant, Dist. Atty., Seventeenth Judicial Dist., Michael J. Milne, Sr. Deputy Dist. Atty., Brighton, for respondent.

Justice SCOTT delivered the Opinion of the Court.

We granted certiorari in *People v. Smith*, 856 P.2d 26 (Colo.App.1992), to determine whether the court of appeals erred in remanding the present matter to the trial court for a habitual criminal adjudication, after the jury had already rendered its verdict and was discharged. Because the state habitual criminal sentencing statute requires that the same jury empaneled to try the substantive underlying offense must also determine whether a defendant has been previously convicted, we reverse.

I

On September 26, 1990, the People filed an information in Adams County District Court charging petitioner Richard A. Smith with first degree sexual assault in violation of section 18–3–402, 8B C.R.S. (1986), and second degree kidnapping, in violation of section 18–3–302, 8B C.R.S. (1986). Approximately three months later, the People moved to add three habitual criminal counts pursuant to the Habitual Criminal Act, sections 16–13–101 to –103, 8A C.R.S. (1986).[1] The trial court granted the motion; in response, Smith filed an *in limine* motion to suppress the three prior felony convictions underlying the habitual criminal counts.[2] In support of his

---

1. Under our Habitual Criminal Act, prior criminal adjudications operate essentially as sentence enhancers, requiring that the defendant "shall be punished by confinement ... for ... not less than twenty-five years nor more than fifty years." § 16–13–101, 8A C.R.S. (1986). Section 16–13–101 provides that every person convicted in Colorado of any felony that carries a maximum penalty exceeding five years, and who within ten years of the date of the commission of that offense has been previously convicted of two separate felonies, shall be adjudged a habitual criminal.

2. The three felony convictions occurred more than eight years earlier during the period of 1975 through 1982. On November 20, 1975, Smith pleaded guilty to gross sexual imposition; on February 3, 1981, he pleaded guilty to first degree sexual assault; and on August 23, 1982,

motion, Smith argued that his "prior felony convictions resulted from ineffective assistance of counsel, involuntary and unknowing pleas of guilty, and non-compliance with the Colorado Rules of Criminal Procedure, Rule 11 and Rule 5, ... in violation of [his] Federal and State Constitutional and Statutory rights."

The trial court held a hearing on Smith's motion to suppress his three prior felony convictions. Because more than three years had passed since Smith's felony convictions, as a preliminary matter, the trial court addressed the question as to whether Smith's collateral attack on his prior convictions was time-barred under section 16–5–402(1), 8A C.R.S. (1986). As relevant here, section 16–5–402(1) imposes a three-year time limit on collateral attacks of convictions for felonies other than class 1 felonies, unless the defendant can establish that one of the statutory exceptions to the time limitation provided by section 16–5–402(2) is applicable to the circumstances of his or her post-conviction challenge.

As to this preliminary issue, the trial court ruled that despite the defendant's failure to seek relief within the three-year period prescribed in section 16–5–402(1), Smith's motion to suppress the prior criminal convictions was not time-barred.[3] The trial court determined that Smith was deprived of a meaningful opportunity to challenge his prior convictions due to the fact that he was not afforded effective assistance of counsel and concluded that these circumstances satisfied the "justifiable excuse or excusable neglect" exception set out in section 16–5–402(2)(d).[4]

After determining that Smith's motion for post-conviction relief was not statutorily time-barred, the trial court ruled on the constitutional validity of Smith's 1975 and 1980 felony convictions, and found that "the weight of the testimony would indicate that [Smith] was afforded ineffective assistance of counsel."[5] The trial court thus ruled that the 1975 and 1980 convictions were constitutionally deficient, and therefore suppressed those convictions. Based on its suppression ruling, the trial court dismissed the habitual criminal counts against Smith.[6] Smith was subsequently convicted, and sentenced pursuant to the sexual assault and kidnapping counts only.

The People appealed the trial court's dismissal of the habitual criminal counts and Smith contemporaneously appealed his judgment of conviction and sentence to the court of appeals. In a consolidated opinion addressing both appeals,[7] the court of appeals affirmed Smith's conviction, but reversed the trial court's dismissal of the habitual criminal counts on the grounds that the

---

Smith pleaded guilty to sending threatening communications through the mail.

3. We emphasize that, relevant to the issue before the court today, we express no opinion as to the trial court's ruling or the court of appeals' judgment interpreting § 16–5–402.

4. Section 16–5–402(2)(d), 8A C.R.S. (1986) provides in relevant part that one of the exceptions to the time limitations "specified in subsection (1) of this section shall be ... [w]here the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." For a comprehensive discussion of the standards for evaluating a claim of justifiable excuse or excusable neglect, see *People v. Wiedemer*, 852 P.2d 424, 440–43 (Colo.1993). The question of whether a defendant qualifies for the justifiable excuse or excusable neglect exception is a question of fact ordinarily to be resolved by the trial court. *People v. Heitzman*, 852 P.2d 443, 448 (Colo.1993) (citing *Wiedemer*, 852 P.2d at 442).

5. Apart from ruling that Smith's guilty pleas were unconstitutionally obtained consequent to finding that Smith was not afforded effective assistance of counsel, the trial court in part based its ruling that the justifiable excuse or excusable neglect exception to the three-year time bar for collateral attacks on trial judgments applied to Smith's case on the same basis, i.e., that he was not afforded effective assistance of counsel when he entered his plea of guilty to the earlier felonies.

6. Following the trial court's dismissal of the habitual offender charge, the People petitioned our court pursuant to C.A.R. 21, and requested that we issue a writ to prohibit the trial court from excluding Smith's prior felony convictions at trial. *Petition for Writ of Prohibition No. 91SA150.* On April 26, 1991, we denied the People's petition.

7. *People v. Smith*, 856 P.2d 26 (Colo.App.1992), *cert. denied*, No. 91CA1231 (July 26, 1993); *cert. granted*, 91CA1240 (July 26, 1993).

time bar of [section] 16–5–402, coupled with the five-year grace period created by *People v. Fagerholm*, 768 P.2d 689 (Colo. 1989), applie[s] to [Smith's] situation. *See People v. Stephens*, 837 P.2d 231 (Colo. App.1992) (*cert. granted*, September 21, 1992).[8] Therefore, his attack was untimely and the trial court erred in granting [his] motion.

Consequently, the order of dismissal cannot stand, and the habitual offender prosecution may go forward.

*People v. Smith*, 856 P.2d 26, 28 (Colo.App. 1992) (footnote 8 added). Thus the court of appeals impliedly held that the justifiable excuse or excusable neglect exception to the section 16–5–402(1) time restrictions did not apply to Smith's post-conviction challenge, and that as such, Smith's collateral attack was time-barred. Accordingly, the court of appeals reversed the dismissal of the habitual criminal counts and affirmed the judgment of conviction. The court of appeals also vacated Smith's sentence, reinstated the habitual criminal counts predicated upon Smith's 1975 and 1980 felony convictions, and remanded the case to the trial court for further proceedings to permit the habitual criminal prosecution to go forward. Smith subsequently sought certiorari review of the court of appeals' decision. We thereafter granted his petition to decide only one issue in this matter: whether the court of appeals erred in remanding the habitual criminal charge to the trial court for further proceedings and a new trial on that charge.[9]

## II

■ Smith presses several arguments in support of his position that the court of appeals' decision to remand the habitual criminal charge to the trial court is in error. Because we are limiting our review to the propriety of the court of appeals' order re-

manding this case for trial of the habitual criminal charges, we only address Smith's argument related to that issue. Smith's chief contention is that, based on the plain language of section 16–13–103(4) and the relevant decisional law of this state, the same jury that convicted him on the substantive felony counts cannot now be reassembled to hear the habitual criminal counts, and hence the court of appeals' remand order must be set aside. We agree.

■ The relevant provisions of section 16–13–103 provide as follows:

**16–13–103. Verdict of jury.** (1) If the allegation of previous convictions of other felony offenses is included in an indictment or information and if a verdict of guilty of the substantive offense with which the defendant is charged is returned, the court shall conduct a separate sentencing hearing to determine whether or not the defendant has suffered such previous felony convictions. As soon as practicable, *the hearing shall be conducted by the trial court before the jury impaneled to try the substantive offense charged*[.]

. . . .

(4) If the defendant denies that he has been previously convicted as alleged in any count of an information or indictment, *the jury impaneled to try the substantive offense charged* shall determine by separate hearing and verdict whether the defendant has been convicted as alleged.

(Emphasis added.) By their terms, these provisions plainly establish that the jury empaneled to try the substantive offense charged shall decide whether a defendant is adjudicated a habitual criminal. Hence, the *same jury* which determines a defendant's guilt on the pending substantive offense must also resolve the validity of the habitual criminal charge.[10] *See People v. Schuett*, 833 P.2d

8. Certiorari review of the court of appeals' decision *People v. Stephens*, 837 P.2d 231 (Colo.App. 1992), was later dismissed as improvidently granted. *Stephens v. People*, 854 P.2d 231 (Colo. 1993).

9. Because we granted certiorari on this single issue, we express no view whatever as to the propriety of either the trial court's dismissal of the habitual criminal charge, or the court of

appeals' judgment reversing the trial court's dismissal of the habitual criminal counts.

10. While there is a statutory exception to the "same jury" requirement, that exception is limited to situations where, prior to the time that a guilty verdict is rendered on the substantive felony charge, the prosecution is unaware that the defendant has previously been convicted of a felony, but before sentencing on the substantive

44 (Colo.1992) (stating that in construing a statute, courts look to the language of the statute itself with view toward giving to statutory language commonly accepted and understood meaning of terms); *Robles v. People,* 811 P.2d 804, 806 (Colo.1990) (holding that to determine legislative intent we look first to the plain language itself, and when language is clear so that intent can be ascertained with reasonable certainty, there is no need to resort to other rules of statutory interpretation).

Likewise, the "same jury" principle embodied in the language of section 16–13–103(1) and (4) is well-established in our decisional law. For example, in *People v. Wolff,* 111 Colo. 46, 51, 137 P.2d 693, 696 (1943), we held that a "charge of former conviction [can] only be tried at the same time and to the same jury as the principal charge, [and] when [a] verdict was returned on the latter alone the court had no jurisdiction to proceed on the former, but should have imposed sentence." Similarly, in *Wolff v. People,* 123 Colo. 487, 494, 230 P.2d 581, 584–85 (1951), we observed that it was settled law that "the issues framed by habitual criminal counts are to be tried by the same jury immediately following the determination of the substantive charge, and they shall forthwith proceed to try those issues 'without being resworn.' " [11]

The case *Vigil v. People,* 196 Colo. 522, 587 P.2d 1196 (1979) illustrates this principle equally well. There, we held

[e]xcept when the defendant admits his previous conviction of a crime alleged in the habitual criminal count, the jury which determines his guilt on the substantive offense must forthwith determine that he was the person convicted of the alleged prior crime. *The jury which determined guilt of the substantive offense cannot, at this late date, be reconvened to consider the issue of identity as to the prior conviction.*

*Vigil,* 587 P.2d at 1198 (emphasis added). And, in *People v. Mason,* 643 P.2d 745, 755 (Colo.1982), we held that where a trial court sets aside a defendant's prior conviction counts and then discharges the jury without a verdict ever having been returned on those counts, the trial court's action represented "an improper termination of the defendant's trial on habitual criminality ... [inasmuch as that] course of action ... deprived the defendant of his valued right to a jury verdict on the prior conviction counts by that particular jury impaneled and sworn to try the case." *See also People ex rel. Faulk v. District Court,* 673 P.2d 998, 1000 (Colo.1983) ("We [have long] recognize[d] that, under [section 16–13–103], the same jury which returns a guilty verdict on the underlying offense must then decide whether the defendant committed the necessary prior crimes to be adjudged an habitual criminal.").[12]

In sum, both our statutory and decisional law serve to nullify the effect of the court of appeals' reversal of the trial court's dismissal of the habitual criminal charge against Smith, inasmuch as our settled law prohibits a retrial on that charge. Accordingly, as to its remand for trial only, the judgment of the court of appeals is reversed and its order set aside. We return this matter to the court of appeals with directions to vacate that portion of its order requiring remand to the trial court to retry Smith as a habitual criminal

---

11. Our decision in *People v. Chavez,* 621 P.2d 1362, 1366 n. 10 (Colo.1981), limits the force of *Wolff v. People,* 123 Colo. 487, 230 P.2d 581 (1951), only to the extent that *Wolff* required trial courts to dispense with bifurcated proceedings where both substantive and habitual criminal charge, the prosecution learns of the prior felony. *See* § 16–13–103(6). In that instance, the prosecution may file a new information, have the defendant arraigned, and empanel a new jury to resolve the habitual offender issue. This provision does not pertain to situations like the present one, however, where the defendant has already been sentenced on the substantive charge.

charges are brought, if the defendant elects to testify and admits to prior convictions. We did not address the "same jury" requirement in *Chavez.*

12. We note that during oral argument, Smith asserted that our opinion in *People v. District Court,* 868 P.2d 400 (Colo.1994), is dispositive of the issues before us. In that case, however, we examined, *inter alia,* the propriety of original proceedings as a procedural device for obtaining interlocutory review of an order dismissing habitual criminal charges. Thus, *People v. District Court* does not control the issue before us.

689

and direct that court to enter an order consistent with the views expressed herein.