James W. TAYLOR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22233.

United States Court of Appeals District of Columbia Circuit.

Argued April 3, 1969.

Decided May 1, 1969.

Petition for rehearing denied June 11, 1969.

Mr. William J. Garber, Washington, D. C., for appellant.

Mr. Stephen M. Schuster, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from convictions for first degree murder and carrying a deadly weapon.

■ Appellant's contention that the evidence was insufficient to sustain the verdict on the murder count is without merit. Although the Government's case consisted largely of evidence of circumstances, it is clear that reasonable jurors could have fairly concluded Appellant's guilt beyond a reasonable doubt.

■ Objection was made to the closing argument of the prosecutor which stated "He waited for her there with his gun, and shot her, stabbed her and kicked her—shot her down just like a dog." Viewing the record as a whole, as we must, we are unable to conclude these remarks warrant reversal. The test of reversal is not the only test of appropriate conduct. The prosecutor may "strike hard blows," but not "foul." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1934). We need not characterize the prosecution argument here as foul to conclude that the prosecution has an obligation to set an example of professional conduct. The Government may prosecute vigorously, zealously with hard blows if the facts warrant, for a criminal trial is not a minuet. Nevertheless, there are standards which a Government counsel should meet to uphold the dignity of the Government. The language of the prosecutor here was hardly in keeping with what the Courts and the public expect of its representatives. We take this occasion to remind the bar, prosecutors and defense counsel alike, that we expect—indeed insist—that their conduct reflect that they are officers of the court as well as advocates for a cause.

Perhaps under the pressures of inordinately heavy criminal calendars which place all the participants under strain we have all become too tolerant of violations of canons and customs; hence our observations are not intended to condemn but to guide future conduct.

Affirmed.