THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY WILLIAMS, Defendant-Appellant.

First District (1st Division)   No. 85—896

Opinion filed August 11, 1986.—Rehearing denied September 3, 1986.

James J. Doherty, Public Defender, of Chicago (Kathleen M. Pantle and Kendall Hill, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Mark F. Smolens, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial, defendant, Anthony Williams, was found guilty of rape and sentenced to 15 years' imprisonment. Defendant appeals, contending that (1) the trial court erred by restricting defendant's redirect examination concerning his prior consistent statement; (2) the trial court erred by allowing testimony as to the complainant's "outcry" statement under the corroborative-complaint exception to the hearsay rule; (3) the comments of the prosecutor during closing argument were improper; (4) defendant was prejudiced by the disruption of the trial by the complainant's mother; and (5) the sentence imposed on defendant of 15 years' imprisonment was excessive.

At trial, the minor complainant, L.M., testified that in the early morning hours on November 1, 1983, while going to the store to get cigarettes for her mother, she saw the defendant driving in his car. She was 12 years of age. Later, on the way to school, L.M. saw the defendant again. He asked if she wanted a ride, but she refused. Defendant then showed her a gun, got out of his car, and grabbed her. He took her back to his apartment where he tied her to a bed with an extension cord and a belt and had sexual intercourse with her. Several hours later, the defendant dropped L.M. off at a local game room.

L.M. did not tell anyone what had happened until the following day. That next morning her teacher, Joan McGough, asked L.M. for a note to explain her absence from school the previous day. L.M. replied that she didn't have a note but asked to talk to the teacher in the hallway. She told McGough that on her way to school a man had forced her into a car with a gun and that she had been sexually assaulted. McGough said that, prior to this conversation, L.M. had been sitting by herself, with her head down, quietly shaking, mumbling and crying. McGough described L.M.'s tone of voice at the time of the conversation as petrified.

Defendant testified that at the time of this incident he was 22 years old. On that morning he was driving through his neighborhood, when he saw L.M. walking in the street. She was wearing a sweatshirt, a black leather miniskirt, and black stockings. Defendant honked his horn, rolled his car window down and asked L.M. where she was going. She replied that she was going to the store and asked

defendant to park his car and wait for her. When she came out of the store, she got into defendant's car and he drove her home. After she dropped off her purchases at her home, L.M. returned to defendant's car and drove around with him and they talked. During this conversation, defendant stated L.M. consented to go to his apartment to have sex with him.

■ We first consider defendant's argument that the trial court erred by refusing to allow him, on redirect examination, to read to the jury a prior consistent statement he made at the time of his arrest. During the State's cross-examination of defendant, the prosecutor elicited portions of a statement that defendant had given to an assistant State's Attorney following his arrest. In the statement, defendant stated he thought L.M. was 18 years of age and a high school student. Defendant argues that he should have been permitted to testify as to the entire statement on redirect examination since the jury might speculate that defendant had made damaging admissions. The trial court ruled that since the defendant had not been impeached, defense counsel was trying only to bolster defendant's testimony with the statement and disallowed the testimony.

We note that defendant's written motion for a new trial does not recite any error due to the restriction on redirect examination. We, therefore, find this issue is waived on appeal. *People v. Caballero* (1984), 102 Ill. 2d 23, 464 N.E.2d 223.

■ Further, in reviewing the merits of defendant's argument on this issue, we agree that where a portion of a conversation is related by a witness, the opposing party is generally allowed to bring out the rest of that conversation. (*People v. Weaver* (1982), 92 Ill. 2d 545, 546, 442 N.E.2d 255.) It is also true, however, that the scope of redirect examination is within the discretion of the trial court. (*People v. Davis* (1981), 92 Ill. App. 3d 426, 416 N.E.2d 69.) The principle of law which holds that where a conversation is brought out on cross-examination, the opposing party has the right on redirect examination to question the witness as to the entire conversation, does not give an automatic right to introduce material which is otherwise inadmissible. (See E. Cleary and M. Graham, Illinois Evidence, sec. 106.2 (4th ed. 1984).) Absent impeachment or evidence tending to mislead the jury into believing defendant had made damaging admissions or told a different story, defendant is not entitled to introduce his own out-of-court statement. (*People v. Harman* (1984), 125 Ill. App. 3d 338, 465 N.E.2d 1009.) Our review of the record here contains no indication that the court's ruling was a clear abuse of discretion resulting in manifest prejudice to the defendant. The defendant was not im-

peached during cross-examination nor was evidence introduced suggesting that defendant had made damaging admissions in his statement to the State's Attorney following his arrest. We, therefore, find no error by the trial court in refusing to allow defendant to read his prior consistent statement to the jury.

■ Defendant next contends that the trial court erred by permitting Joan McGough, L.M.'s teacher, to testify as to L.M.'s "outcry" statement to her since this was hearsay testimony. McGough testified as to the sexual assault on L.M. as it was related to her by L.M. The State maintains that this testimony comes within the corroborative-complaint exception to the hearsay rule.

In order for a statement to qualify as a corroborative complaint, it must be promptly made, without inconsistent or unexplained delay, and must be spontaneous and not produced by answering a series of questions. (*People v. Damen* (1963), 28 Ill. 2d 464, 465, 193 N.E.2d 25.) Defendant complains that the time delay between the complaint and the occurrence here rendered McGough's testimony inadmissible under the *Damen* holding. In *People v. Houck* (1977), 50 Ill. App. 3d 274, 365 N.E.2d 576, the court reviewed cases where delays before the complaint was made were not viewed as inconsistent or unexplained and concluded:

> "The common thread which binds these divergent fact patterns is that during the delay the complainants were incoherent, fearful, hysterical, and/or emotional and, when they found a place or person lending them security, they made the charge as an outpouring of injury." 50 Ill. App. 3d 274, 285, 364 N.E.2d 576, 584.

We believe the case at bar is within this category of cases. The complainant did not go home the night of the incident and tell her mother that she had been raped. She explained that she did not feel she could speak freely with her mother. Rather, she waited to tell Joan McGough, her teacher and a person with whom she felt secure. When McGough had L.M. call home to tell her mother what had taken place, her mother hung up the telephone. Upon reviewing these facts, and in light of the holding of *Houck*, we do not find the time delay unreasonable and do not believe the trial court erred in admitting McGough's testimony.

■ Defendant further contends that the statement by L.M. is inadmissible since it resulted from a series of questions put to L.M. by McGough. We find this argument without support in the record. The testimony at trial was that L.M. approached McGough and asked to speak to her and offered her statement at a time when L.M. had been

sitting in the classroom by herself crying, shaking, and mumbling.

■■ Defendant also complains that only the fact of the complaint should have been admitted as evidence and not the details. The details objected to in the testimony of Joan McGough included that L.M. was forced at gunpoint into a car and that she had not told anyone about the rape prior to telling McGough. While we agree with the defendant that these details in McGough's testimony should not have been admitted, in light of all the evidence adduced at trial, we do not believe this testimony created sufficient prejudice to defendant's rights to constitute reversible error. We note L.M. later related both of these details in her testimony. Further, defendant objects only to two details in McGough's testimony. We find the case at bar distinguishable from those cases where the testimony admitted under the corroborative-statement exception repeated in great details the circumstances of the rape. See *People v. Coleman* (1980), 83 Ill. App. 3d 429, 403 N.E.2d 1266.

■■ ■ We next consider defendant's contention that improper comments of the prosecutor in closing argument deprived him of a fair trial. Specifically, defendant complains that the prosecutor's statement that the defendant picked out, stalked and captured his victim like a predator was prejudicial. Defendant did not raise this issue in his post-trial motion and, for this reason, we consider the issue waived. (*People v. Friesland* (1985), 109 Ill. 2d 369, 488 N.E.2d 261.) We also recognize that prosecutors are allowed wide latitude in closing argument and that a conviction should be sustained unless the improper argument of counsel constituted a material factor in defendant's conviction or resulted in substantial prejudice to defendant. (*People v. Strong* (1984), 129 Ill. App. 3d 427, 472 N.E.2d 1152.) In our opinion, the complained-of comments in the case at bar do not rise to the level of plain error and did not deprive defendant of a fair trial.

■ Defendant also argues that the trial court erred by failing to take remedial action after L.M.'s mother disrupted the trial with a request to "say something." This occurred just after the jury had been instructed and prior to beginning deliberations. The trial court denied defendant's motion for a mistrial following the incident. Defendant argues that he was prejudiced by the action and cites cases which hold that spectators in a courtroom are not permitted to exhibit their prejudice or partisanship and, if there is such a display, the court should take affirmative action to prevent the possibility of prejudice to defendant. (*People v. Dixon* (1976), 36 Ill. App. 3d 247, 343 N.E.2d 583; *People v. Spagnola* (1970), 123 Ill. App. 2d 171, 260 N.E.2d 20.)

A review of the cases cited by defendant reveals that they are inapplicable to the instant case. Here, L.M.'s mother stood up in court and inquired whether she could say something. The trial court directed her to please be quiet, and she remained silent. There is no indication from the record that the jury recognized her to be the mother of the complainant nor was she permitted to say anything to the jury. Under these circumstances, we find that a claim of prejudice to defendant is without merit.

■ Finally, defendant contends that the 15-year sentence imposed by the trial court was excessive. Defendant argues that the court erred by considering the presence of a gun and by failing to consider the mitigating factors offered by defendant. It is well settled that the trial court is entitled to considerable judicial discretion in its determination and imposition of a proper sentence. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) A reviewing court can alter a sentence only if the sentence greatly diverges from the spirit of the law and is highly disproportionate to the offense. *People v. Baker* (1983), 114 Ill. App. 3d 803, 448 N.E.2d 631.

■ In considering the presence of a gun, the record shows that the defendant admitted using the gun in his own testimony where he stated that he fired the gun on his back porch after having sex with L.M. We further find that the mitigating factors offered by defendant, that he was steadily employed and had a stable family background, required a balance with the factors in aggravation. At the time of the offense, the complainant was 12 years of age and the defendant was on probation for a prior theft conviction. The record indicates that the trial court carefully weighed the factors presented to it before imposing the sentence of 15 years for rape. In our view, the sentence imposed is not highly disproportionate to the offense and we cannot say the trial court abused its discretion.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

QUINLAN, P.J., and O'CONNOR, J., concur.