The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Leo HERNANDEZ, Defendant–Appellant.

No. 89CA0616.

Colorado Court of Appeals, Div. I.

April 25, 1991.

Rehearing Denied May 23, 1991.

Certiorari Denied April 20, 1992.

Two confidential informants told a Denver detective that they had located individuals who possessed a large quantity of cocaine. After a sample of the drug was provided to the detective, he and several other policemen arranged to meet with the suspects to purchase the cocaine.

The People's evidence showed that while the suspects were discussing the transaction with the undercover police officers, defendant was asked where the "stuff" was and he pointed to a bag on the floor. Defendant then took out two "bricks" of cocaine from the bag and gave one to an undercover officer. Defendant also participated in bargaining for the price of the cocaine and stated that he and his friends could provide cocaine on a regular basis. Two undercover police officers indicated that defendant was in charge of the operation.

After his arrest, defendant made statements in both English and Spanish describing how he had obtained the cocaine from a bar in Albuquerque, New Mexico, and then brought it to Colorado.

During trial, defendant claimed that he was set up by the informants and was merely present during these criminal transactions. Defendant thus claims that he was not an accessory to the crimes charged because he did not participate in them.

### I.

Defendant argues that the prosecutor's opening statement and closing argument were inflammatory, prejudicial, and improper and therefore, his conviction should be reversed. We agree with defendant's characterization of the statements, but disagree that the conviction should be reversed.

Two statements made by the prosecution are at issue. During opening statement, the prosecutor stated:

"Sometimes it takes a rat to catch a rat, and that's going to be a part of what we are dealing with in this trial here. [The informants] were not police officers, they were doing a job. A job which ultimately

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Law Office of Stanley H. Marks and Richard A. Hostetler, Richard A. Hostetler, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Leo Hernandez, appeals a judgment of conviction entered on jury verdicts finding him guilty of possession and distribution of cocaine and of possessing 28 grams or more of cocaine. We affirm.

benefits this community but is not a savory job."

Later in closing argument, the prosecution, in referring to the confiscated cocaine, stated:

"This was offered to sell to the men, women, and children of Denver, Colorado, by these defendants."

## A.

We initially address the propriety of the prosecution using the term "rat" in opening statement to describe the defendant.

■ Initially, we note that the decisions addressing the use by the prosecution of pejorative terms to describe a criminal defendant have arisen primarily in the context of closing arguments. But, since opening statements are more restrictive than closing arguments in permitting argument, analogies, and hyperbole, if such statements are improper in closing argument, they are, *a fortiori*, improper during the opening statement. *See Pacific Fire Insurance Co. v. Overton*, 256 Ala. 400, 55 So.2d 123 (1951); 1 ABA, *Standards for Criminal Justice*, Standard 3–5.5 (2d ed. 1982). *See generally Henwood v. People*, 57 Colo. 544, 143 P. 373 (1914) (describing purposes and scope of opening statement).

■ Defendant's counsel did not object to the statement in question at trial, and thus, our review of this issue is confined to a plain error analysis. *See People v. McClure*, 779 P.2d 864 (Colo.1989). Under this standard of review, the prosecutor's remark must be "particularly egregious" to warrant a new trial. *People v. Diefenderfer*, 784 P.2d 741 (Colo.1989).

■ The courts have uniformly condemned as improper a prosecutor using such terms as "rat," "dog," or "animal," to describe a defendant. *United States v. Davila Williams*, 496 F.2d 378 (1st Cir. 1974) (unacceptable for a prosecutor to state "what you have is a bunch of rats with a bunch of names"); *United States v. Scaglione*, 446 F.2d 182 (5th Cir.1971) (prosecutor's argument to jury to "make the rats run from the sinking ship" was found to be improper); *Pacheco v. State*, 82 Nev. 172, 414 P.2d 100 (1966) (error for prosecutor to ask "how can you rehabilitate a mad dog?").

We agree with those jurisdictions which have determined that it is highly improper for the prosecutor to characterize defendant in such terms. Such terminology is impermissibly derogatory and inflammatory. These statements not only improperly dehumanize the defendant but incorrectly focus the jury's determination of the case away from the evidence and onto the defendant's supposed non-human status. Furthermore, such remarks are inconsistent with the proper role and dignity expected of the prosecutor for the government and, therefore, cannot be permitted. *See Taylor v. United States*, 413 F.2d 1095 (D.C.Cir.1969).

■ However, despite their impropriety, in determining whether such statements warrant reversal, we must look at the frequency of the statements, *see Wilson v. People*, 743 P.2d 415 (Colo.1987), and determine if the comments so undermined the basis of the conviction that the verdict should be set aside. Here, the improper statement occurred only once, and we conclude that it did not so undermine the basis for the conviction that reversal is warranted.

In this case, there is overwhelming evidence of defendant's guilt. The undercover officers testified that defendant was the leader of the group of men who possessed and offered to sell the cocaine, and his behavior during the sale indicates that to be the case. Also, all three officers were present when defendant gave them part of the cocaine and made comments showing his involvement in the criminal activity. Furthermore, defendant confessed to these crimes in both English and Spanish after having similarly been given *Miranda* warnings in both those languages. Therefore, we do not consider the prosecutor's remark as having so undermined the fundamental fairness of the trial that it casts a doubt on the reliability of the verdict. *See People v. McClure, supra.*

### B.

Defendant next argues that the prosecution's general reference in opening statement and specific reference in closing argument about the impact of drugs on the community, including women and children, were also improper. Again there was no contemporaneous objection, and thus, we also address these comments under the plain error standard.

■ Opening statement is limited to the facts which the party intends to prove at trial. Closing arguments are limited to the facts and the inferences therefrom, which have been proved at trial.

■ Here, there was no evidence presented as to who, absent police intervention, would have purchased and used these particular drugs. Therefore, it was improper for the prosecutor to make these statements. However, we conclude again that the prosecutor's remarks did not undermine the fundamental fairness of the trial and, therefore, do not constitute plain error.

### II.

Defendant next argues that dismissal of the charges is mandated by virtue of the prosecution's failure to disclose in a timely manner relevant information about the informants' prior criminal records and their history of receiving payments from the police. We disagree.

After the prosecution rested its case, defense counsel moved for dismissal because of the prosecution's failure to provide timely discovery. The trial court determined that the prosecution had failed to provide timely information about the confidential informants' prior criminal records and their payments by the police department. It concluded, however, that, since defendant had obtained much of this information before the trial commenced and since defendant had not requested either a continuance or further orders from the court regarding this discovery, the sanction of dismissal of the case was inappropriate.

■ The determination of whether sanctions should be imposed in a criminal case for a violation of a discovery rule by the prosecution is within the sound discretion of the trial court. *People v. Pronovost*, 773 P.2d 555 (Colo.1989). A defendant requesting a dismissal of a case must demonstrate that the prosecution's failure to provide timely discovery has prejudiced him. *See People v. Graham*, 678 P.2d 1043 (Colo.App.1983).

■ Here, defendant's primary defense was that he did not participate in the delivery or attempted sale of the cocaine and, thus, he was not guilty of the charged offenses. At trial, defendant denied that he was involved in either bringing the cocaine from New Mexico to Colorado or in trying to sell it to the undercover police officers. Because of defendant's claim of non-involvement in the entire drug transaction and because the informants did not testify at trial, defendant was not able to demonstrate any prejudice resulting from the prosecution's failure to provide the requested discovery in a timely manner.

We further note that defendant was aware of the names of the confidential informants and his counsel was provided an opportunity to interview them prior to trial. Additionally, prior to the commencement of trial, defense counsel possessed a significant part of the information which defendant claimed he was deprived of.

In circumstances in which a defendant has already obtained most of the requested discovery information, the courts have been unwilling to impose severe sanctions such as dismissal for the prosecution's failure to provide virtually the same information. *See United States v. McPartlin*, 595 F.2d 1321 (7th Cir.1979). That rule is applicable here.

Furthermore, defense counsel chose to proceed without requesting a continuance despite his knowledge that he was in receipt of certain information quite late and that other information was missing. We, therefore, agree with the trial court that the failure to produce this information did not prejudice defendant, and there is adequate record support for the trial court's

decision not to impose defendant's requested sanction of dismissal against the prosecution. *See People v. District Court*, 664 P.2d 247 (Colo.1983); *People v. Graham, supra.*

## III.

Defendant next argues that the trial court erred in failing to give his requested instruction that "mere presence" at the scene of a crime does not render a person guilty of the charged offenses. We conclude that failure to give a "mere presence" instruction here does not constitute reversible error. *People v. Simien*, 671 P.2d 1021 (Colo.App.1983); *People v. Holmes*, 191 Colo. 477, 553 P.2d 786 (1976) (refusal of mere presence instruction upheld in accessory case).

The other jury instructions adequately indicated that defendant's mere presence at the scene was not sufficient to convict him of the charged crimes, and, therefore, the court did not err in refusing defendant's instruction. *See People v. Holmes, supra.*

## IV.

Defendant next argues that the court erred in not providing substitute counsel upon his request. We disagree.

Here, defendant requested substitution of counsel at the sentencing hearing. The reasons for this request were vague and general, but appeared to be essentially based upon defendant's view that his attorney had not done an adequate job. The trial court properly allowed defendant to elaborate further or explain the basis for his request, but defendant was unable to provide any substantive reason. Under such circumstances, the trial court did not abuse its discretion in refusing this request. *See People v. Arguello*, 772 P.2d 87 (Colo.1989); *People v. Barnes*, 636 P.2d 1323 (Colo.App.1981).

## V.

Defendant finally argues that his conviction should be set aside because he was not afforded effective assistance of counsel. We disagree.

The trial court observed the performance of defense counsel, and it disagreed with defendant's contention that counsel was ineffective. Indeed, the trial court determined that defendant's counsel had provided excellent representation for him. Our review of the record reveals evidentiary support for the trial court's determination. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Norman*, 703 P.2d 1261 (Colo. 1985). Furthermore, in our view defendant has failed to prove that, but for counsel's allegedly substandard representation, the result here would probably have been different. *Strickland v. Washington, supra.*

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.