The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Richard Allen SMITH, Defendant–Appellee.

The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard Allen SMITH, Defendant–Appellant.

Nos. 91CA1240, 91CA1231.

Colorado Court of Appeals, Div. IV.

Dec. 3, 1992.

Rehearing Denied Jan. 28, 1993.

Certiorari Granted on No. 91CA1240 July 26, 1993.

Certiorari Denied on No. 91CA1231 July 26, 1993.

James F. Smith, Dist. Atty., Michael J. Milne, Sr. Deputy Dist. Atty., Brighton, for plaintiff-appellant in No. 91CA1240.

David F. Vela, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee in No. 91CA1231.

Opinion by Judge METZGER.

Defendant, Richard A. Smith, was charged in 1990 with first degree sexual assault, second degree kidnapping, and three counts of habitual offender based on felony convictions he had incurred in 1975, 1980, and 1982. However, prior to trial, the trial court determined that two of these convictions had been unconstitutionally obtained and the habitual offender charge was dismissed. Defendant was convicted by a jury of first degree sexual assault and false imprisonment, and he appeals that judgment of conviction and sentence. The People have also appealed the trial court's order dismissing the habitual offender charge. In this consolidated disposition of the two appeals, we reverse the dismissal of the habitual offender charge, and remand for appropriate proceedings and sentence, affirm the judgment of conviction, vacate the sentence, and remand with directions.

## I.

### The People's Appeal (91CA1240)

The People assert that the trial court erred in its suppression of certain prior convictions of defendant. We agree.

In a pre-trial motion, defendant sought to suppress his three prior felony convictions, which had occurred in 1975, 1980, and 1982. The People objected to the collateral attack, arguing that defendant's motion was untimely pursuant to the time limits set out in § 16–5–402 C.R.S. (1986 Repl.Vol. 8A).

The trial court ruled that defendant had shown excusable neglect or justifiable excuse for his failure to attack in a timely manner two of the prior convictions. It found that he had had no present need for such attacks until the filing of the current charges. The trial court then determined that two of defendant's convictions had been unconstitutionally obtained and granted defendant's motion.

The People contend that the trial court erred in ruling that defendant was excused from the effects of the time bar. We agree.

The time bar of § 16–5–402, coupled with the five-year grace period created by *People v. Fagerholm*, 768 P.2d 689 (Colo.1989), applied to defendant's situation. *See People v. Stephens*, 837 P.2d 231 (Colo.App. 1992) (*cert. granted*, September 21, 1992). Therefore, his attack was untimely and the trial court erred in granting defendant's motion.

Consequently, the order of dismissal cannot stand, and the habitual offender prosecution may go forward.

## II.

### The Defendant's Appeal (91CA1231)

Defendant appeals the judgment of conviction and sentence entered on a jury verdict finding him guilty of first degree sexual assault and false imprisonment. We affirm the judgment of conviction and remand the cause for further proceedings concerning the sentence.

The prosecution's evidence indicated that, when a taxicab called by the victim to take her home from a bar did not appear, the defendant, another bar patron, offered to do so. The victim agreed. There followed a harrowing ordeal in which the victim was taken to a house, then a camper, was choked, punched, intimidated, humiliated, and repeatedly subjected to various types of sexual assault.

## A.

Defendant first contends the trial court erred in denying his challenge for cause of a juror who had been a child victim of sexual assault. We disagree.

Trial courts are granted broad discretion in ruling upon challenges for cause, and decisions denying such challenges will be set aside only when there has been a clear abuse of discretion. However, if a juror has a state of mind evincing enmity or bias toward the defendant or the state, the trial court must sustain the challenge. *People v. Drake*, 748 P.2d 1237 (Colo.1988).

Here, the juror displayed no bias and was quite certain of her ability to be objective and to reach a verdict based upon the evidence. Accordingly, the trial court acted within its discretion in denying defendant's challenge for cause.

## B.

Defendant next argues that the prosecutor's closing argument comparison of the defendant to a lion denied him his right to a fair trial. While we do not condone the prosecutor's conduct, reversal is not warranted here.

Defendant did not object at trial to the prosecutor's closing statements; therefore, a plain error analysis applies. And, plain error exists only if, after reviewing the entire record, the reviewing court can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. McClure*, 779 P.2d 864 (Colo.1989).

Additionally, the lack of objection is appropriate to consider in that it may demonstrate defense counsel's belief that the live argument, despite its appearance in a cold record, was not overly damaging. *People v. Rodriguez*, 794 P.2d 965 (Colo. 1990).

Before closing arguments, the trial court gave a cautionary instruction reminding the jurors that closing argument was not evidence and that, during their delibera-tions, they should only consider evidence which had been admitted.

During rebuttal, the prosecutor stated that the defendant knew that the victim was drunk and stranded and had concluded that she would make an easy victim. This refuted the defense argument that the defendant offered to take the victim home because he felt sorry for her.

The prosecutor compared the defendant to a lion stalking its prey and choosing to attack a weak member of the herd. In total, the prosecutor made three relatively brief references to this analogy in the course of a rebuttal argument lasting almost 20 minutes.

Defendant relies on *People v. Hernandez*, 829 P.2d 394 (Colo.App.1991) to support his assertion that any references to him as an "animal" constitute reversible error. We disagree, and conclude that *Hernandez* is distinguishable from this case.

*Hernandez* dealt specifically with comments made by the prosecutor during opening statements, and as pointed out in that case, opening statements are more restrictive than closing argument in permitting arguments, analogies, and hyperbole. Moreover, in *Hernandez*, the defendant was referred to as a "rat," with all the negative connotations associated with that term. This was not the situation here.

While referring to a defendant as any type of animal is improper and is not condoned by this court, the comparison to a lion was not as inherently derogatory as a comparison to a "rat," "snake," or "mad dog." Furthermore, the purpose of the argument was not to impute any derogatory characteristics of an animal on the defendant. Rather, it served to emphasize that he had taken advantage of a stranded and weak individual in a calculated way. The prosecutor was rebutting the defendant's contention that he had acted out of pity for the victim.

While such a characterization is improper, it did not, in this case, constitute plain error. *See People v. Williams*, 146 Ill. App.3d 767, 100 Ill.Dec. 399, 497 N.E.2d

377 (1986) (in rape case, prosecutor's statements that defendant picked out, stalked, and captured his victim like a predator was not plain error); *see also United States v. Tullos*, 868 F.2d 689 (5th Cir.1989) (prosecutor's comments, based on record evidence, that defendants were "liars" and "a crooked lawyer" who spoke with a "serpent's tongue" were not plain error); *Tennant v. State*, 786 P.2d 339 (Wyo.1990) (prosecution's reference to defendant as "leech," a "blood sucker," and "a predator on society" was not plain error in light of the evidence and trial counsel's failure to object); *State v. Williams*, 630 S.W.2d 117 (Mo.App.1981) (reference to defendant as "sex animal who thinks he's doing a girl a favor and shows no remorse" was not plain error based on facts of attack); and *De-Pauw v. State*, 658 S.W.2d 628 (Tex.App. 1983) (closing argument that defendant was "a shark [who] was swimming in that sea of troubled humanity [and] who silently, selectively, stalked, and slew his victim" was not plain error).

Based on our review of the record and pertinent case law, we cannot say that the prosecutor's comments so undermined the basic fairness of the trial as to cast serious doubt on the reliability of the conviction. Therefore, no reversible error occurred.

## C.

Defendant next contends the trial court erred in denying his motion for new trial after it became known that an envelope containing defendant's suppressed statement had been taken to the jury room with other exhibits. We disagree.

To impeach a jury verdict, the defendant must produce competent evidence to attack the verdict and establish that he or she was prejudiced by the alleged jury misconduct. *People v. Garcia*, 752 P.2d 570 (Colo.1988). The relevant test for prejudice is whether there is a reasonable possibility that the extraneous information affected the verdict. *Wiser v. People*, 732 P.2d 1139 (Colo.1987).

Here, the trial court based its decision that the evidence had not affected the verdict upon the affidavits of three jurors. In these affidavits, the jurors stated that the extraneous evidence had not been examined by any jurors. We do not agree with defendant that the trial court improperly considered these affidavits. A juror may testify whether extraneous evidence was improperly brought to the jury's attention. CRE 606(b).

Defendant argues that the notation on the evidence envelope, indicating that it contained his statement, highlighted the fact that he did not testify. However, the jury was properly instructed concerning his failure to testify. A jury is presumed to follow the court's instructions, *People v. Moody*, 676 P.2d 691 (Colo.1984), and there is no evidence to the contrary here.

Accordingly, we find no error in the denial of a new trial.

## D.

Finally, the People concede that the trial court's order that defendant pay restitution in the amount of $1,531.50 as a condition of parole is improper because a court may only set an amount to be considered by the parole board. *People v. Powell*, 748 P.2d 1355 (Colo.App.1987). Therefore, the cause must be remanded for a correction to the mittimus.

The judgment of conviction is affirmed, the sentence is vacated, and the cause is remanded for further proceedings on the habitual offender charge. If, after trial on the habitual offender charge, defendant is convicted, then the trial court shall sentence defendant in accordance with the applicable law. If, after trial on the habitual offender charge, defendant is acquitted, then the trial court shall reimpose the original sentence. In either event, the mittimus shall be corrected on the restitution issue.

STERNBERG, C.J., and PLANK, J., concur.